## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

CARLTON L. WILLIAMS, SR.,

      Petitioner,

v.                                                    Case No. 1:23-cv-206-AW-MJF

RICKY DIXON,

      Respondent.

_____/

## **REPORT AND RECOMMENDATION**

Petitioner Carlton L. Williams, Sr., proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 14. Williams opposes the motion. Doc. 20. The State's motion to dismiss should be denied, because Williams's habeas petition is timely.

### I. BACKGROUND AND PROCEDURAL HISTORY

In Alachua County Circuit Court Case No. 2013-CF-3503, Williams was convicted of Sale of a Controlled Substance (Count 1) and Possession of a Controlled Substance (Count 2). Doc. 15-2, Ex. B (J.). The trial court sentenced Williams on Count 1 to 60 months of imprisonment followed

by 1 year on drug offender probation. *Id.*; Doc. 15-4, Ex. D (Am. Sentence); Doc. 15-19, Ex. S (Second Am. Order of Drug Offender Probation). On Count 2, the trial court sentenced Williams to a concurrent term of 60 months of imprisonment. Doc. 15-12, Ex. L (Am. Sentence). The Florida First District Court of Appeal ("First DCA") affirmed the judgment on January 15, 2015, without opinion. *Williams v. State*, No. 1D14-2647, 156 So. 3d 1085 (Fla. 1st DCA 2015) (Table) (per curiam) (copy at Doc. 15-7, Ex. G).

On October 24, 2018, Williams was charged with violating his probation by possessing cocaine and marijuana with intent to sell it. Doc. 15-19, Ex. S (Violation Report); Doc. 15-20, Ex. T (Aff. of VOP). The VOP court conducted an evidentiary hearing on the charges, determined that Williams violated Condition 5 of his probation, and revoked Williams's probation. Doc. 15-23, Ex. W (Order of Revocation of Probation). The VOP court sentenced Williams to 15 years of imprisonment. *Id.*; Doc. 15-24, Ex. X (Sentence). The First DCA affirmed on August 2, 2019, without opinion. *Williams v. State*, No. 1D19-0456, 276 So. 3d 272 (Fla. 1st DCA 2019) (Table) (per curiam) (copy at Doc. 15-31, Ex. EE).

On October 8, 2019, Williams filed a *pro se* motion for reduction and modification of sentence under Florida Rule of Criminal Procedure 3.800(c). Doc. 15-32, Ex. FF. The state circuit court denied the motion on October 18, 2019. Doc. 15-33, Ex. GG. Williams did not appeal.

On February 10, 2020, Williams filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Doc. 15-34, Ex. HH. The state circuit court denied the motion on the merits. Doc. 15-35, Ex. II. The First DCA affirmed without opinion. *Williams v. State*, No. 1D20-2908, 313 So. 3d 87 (Fla. 1st DCA 2021) (Table) (per curiam) (copy at Doc. 15-39, Ex. MM). The mandate issued March 31, 2021. *Id.*

On January 29, 2021, Williams filed in the state circuit court a *pro se* habeas corpus petition. Doc. 15-40, Ex. NN. The state court construed the petition as a second Rule 3.850 motion and denied relief because Williams's claim was procedurally barred. Doc. 15-41, Ex. OO. The First DCA affirmed without opinion. *Williams v. State*, No. 1D21-0798, 331 So. 3d 124 (Fla. 1st DCA 2021) (Table) (per curiam) (copy at Doc. 15-45, Ex. SS). The mandate issued January 24, 2022. *Id.*

On August 8, 2022, Williams filed in the state circuit court a second *pro se* habeas corpus petition. Doc. 15-46, Ex. TT. The state court construed the petition as a third Rule 3.850 motion and denied the motion on August 19, 2022, because it was untimely. Doc. 15-47, Ex. UU. Williams did not appeal.

On August 29, 2022, Williams filed in the First DCA a *pro se* habeas corpus petition. Doc. 15-48, Ex. VV. The First DCA required Williams to show cause why the court should not treat the petition as invoking the court's appellate jurisdiction. Doc. 15-49, Ex. WW. Williams responded that he was invoking the First DCA's original jurisdiction and not its appellate jurisdiction. Doc. 15-50, Ex. XX. The First DCA treated Williams's habeas petition as invoking the court's original jurisdiction and summarily dismissed the petition on July 19, 2023, citing *Baker v. State*, 878 So. 2d 1236, 1245-46 (Fla. 2004). *See Williams v. Reddish*, No. 1D22-2966, 367 So. 3d 609 (Fla. 1st DCA 2023) (Table) (per curiam) (copy at Doc. 15-51, Ex. YY). Williams did not move for rehearing.

Williams filed his federal habeas petition on August 10, 2023.

## II.  DISCUSSION

## A.  <u>The Federal Habeas Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Williams's § 2254 petition, because the petition was filed after AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

**B.   Williams's Habeas Petition Is Timely**

Williams does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his VOP judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Williams's VOP judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Williams did not seek further direct review of his VOP judgment in the United States Supreme Court. Accordingly, Williams's judgment became "final" for purposes of 2244(d)(1)(A), on October 31, 2019, when the 90-day period to file a certiorari petition in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The federal habeas limitations period began to run one day later, on November 1, 2019, and was set to expire one year later absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Williams allowed 101 days of the limitations period to run before filing his Rule 3.850 motion on February 10, 2020.[1] As a result of the filing of that motion, the limitations period was statutorily tolled from February 10, 2020 (the date the motion was filed) until March 31, 2021 (the date the mandate issued in Williams's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

The limitations clock would have started running again on April 1, 2021, but remained statutorily tolled due to the pendency of Williams's construed second Rule 3.850 motion filed on January 29, 2021. As a result of the filing of that motion, the limitations period remained statutorily tolled until January 24, 2022 (the date the mandate issued in Williams's second postconviction appeal).

---

[1] Williams's Rule 3.800(c) motion was filed and resolved in October 2019, which was before the federal limitations period began to run.

Williams's habeas petition filed in the state circuit court on August 8, 2022, did not statutorily toll the federal limitations period. The state circuit court construed that petition as a third Rule 3.850 motion and rejected the motion as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

Williams's limitations period started running again on January 25, 2022, and ran for 216 days until Williams filed his state habeas petition in the First DCA on August 29, 2022. The State has filed the records of that proceeding (*see* Doc. 15-48 – Doc. 15-51, Exs. VV – YY), but has not mentioned the proceeding in its motion to dismiss or addressed how it affected the federal limitations period. *See* Doc. 14 at 13-16.

Under Circuit precedent, Williams's habeas petition filed in the First DCA statutorily tolled the federal limitations period. *See Thompson v. Sec'y, Dep't of Corr.*, 595 F.3d 1233 (11th Cir. 2010). In *Thompson*, a Florida prisoner filed a habeas petition in the First DCA some four years after his conviction and sentence became final under Florida law. The First DCA summarily dismissed the petition, citing *Baker*.[2] *See*

---

[2] In *Baker*, the Supreme Court of Florida outlined the procedure state courts must follow to dispose of habeas corpus petitions filed by

*Thompson*, 595 F.3d at 1235 (citing *Thompson v. Fortner*, 922 So. 2d 316 (Fla. 1st DCA 2006)).

The Eleventh Circuit held that Thompson's state habeas petition was entitled to statutory tolling under § 2244(d)(2) during the pendency of that petition. The court reasoned that although Thompson invoked the wrong statutory vehicle (a habeas corpus petition rather than a Rule 3.850 motion), Thompson filed the habeas petition in a court having jurisdiction over the petition. *Thompson*, 595 F.3d at 136-37 (citing Fla. Stat. §§ 79.01, 79.09). And there was no evidence that Thompson's

---

noncapital defendants seeking relief that could be obtained only, if at all, by motion in the sentencing court under Rule 3.850. The court held:

> [F]rom now on, we will dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed.

*Id*. at 1245-46.

petition—as a state habeas petition—failed to comply with any other statutorily-mandated filing conditions for state habeas petitions. *Thompson*, 595 F.3d at 1237.

The same circumstances are present here. Williams filed his habeas petition in a court having jurisdiction over such petitions—the First DCA. As in *Thompson*, the First DCA summarily dismissed Williams's habeas petition as unauthorized, citing *Baker*. *See* Doc. 15-51, Ex. YY ("DISMISSED. *See Baker v. State*, 878 So. 2d 1236, 1245-46 (Fla. 2004)."). And, as in *Thompson*, there is no evidence that Williams did not comply with any other statutorily-mandated filing conditions *for state habeas petitions*. *See* Fla. Stat. §§ 79.01, 79.09. Although Williams's habeas petition in the First DCA was identical to the petition he filed earlier in the state *circuit* court, the First DCA, unlike the circuit court, did not construe the petition as a Rule 3.850 motion and did not dismiss it as untimely or for failure to comply with statutorily-mandated filing conditions.

Thus, Williams's state habeas petition filed in the First DCA on August 29, 2022 was entitled to statutory tolling under § 2244(d)(2) during the pendency of that petition. *Thompson*, 595 F.3d at 1239. As a

result of the filing of that petition, Williams's federal limitations period was statutorily tolled from August 29, 2022 (the date the petition was filed) until August 3, 2023 (the date the 15-day deadline for Williams to file a motion for rehearing expired). *See* Doc. 15-51, Ex. YY ("Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331."); Fla. R. App. P. 9.330, 9.331 (requiring that a motion for rehearing be filed within 15 days of the opinion); *see also Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1384 (11th Cir. 2006); *Felton v. Florida*, 153 F. App'x. 620, 621 (11th Cir. 2005) (habeas petition filed in Florida district court of appeal remained "pending" for purposes of § 2244(d)(2), until state court denied rehearing); *Wilson v Crews*, No. 14-21619-CIV, 2014 WL 8508535, at *15-16 (S.D. Fla. Dec. 16, 2014) (Florida prisoner's habeas petition filed in Florida district court of appeal remained "pending" for purposes of § 2244(d)(2), until 15-day deadline to move for rehearing expired even though prisoner did not seek rehearing), *report and recommendation adopted*, 2015 WL 1566421 (S.D. Fla. Apr. 8, 2015).

Williams's federal limitations period began to run again on August 4, 2023, and ran for 6 days until Williams filed his § 2254 petition on

August 10, 2023. Because a total of only 323 days of AEDPA's one-year limitations period ran, Williams's § 2254 petition is timely.

## III.    CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    Respondent's motion to dismiss based on the statute of limitations, Doc. 14, be **DENIED**.

2.    This case be returned to the undersigned for further proceedings.

At Panama City, Florida, this 2nd day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to**

object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.